UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH PIGOTT, ET AL. | CIVIL ACTION |
| v. | NO. 18-9438 |
| KAYLA HEATH, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion for partial summary judgment to dismiss the plaintiffs' punitive damages claims. For the reasons that follow, the motion is GRANTED.

**Background**

This is a car accident case. The defendants' motion presents the question whether Arizona's law of punitive damages applies in a Louisiana lawsuit arising from a Louisiana collision between citizens of Louisiana and Mississippi. It does not.

The collision occurred in fall 2017. At the time, Kayla Heath was driving an 18-wheeler in the left lane of Highway 21 in Bogalusa, Louisiana. She was working for Swift Transportation, hauling Wal-Mart cargo from Swift's Robert, Louisiana terminal. Kenneth Pigott was driving a sedan in the right lane, and Dehendric

Bickham was riding along. Heath's 18-wheeler moved into the right lane and struck Pigott's sedan. This lawsuit followed.

Pigott and Bickham sued Heath and Swift in state court. They said that Heath's negligence caused the collision and that Swift was vicariously liable. In response, Heath and Swift removed the case based on diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

Pigott and Bickham are citizens of Louisiana. Heath is a citizen of Mississippi. Swift is a limited liability company with one member: a Delaware corporation with a principal place of business in Arizona.

Once in this Court, Pigott and Bickham moved to amend their complaint to add claims of independent negligence against Swift. Swift originally said it did not oppose. But it soon realized the amendment contained a claim not discussed: a claim for punitive damages under Arizona law. Upon review of that claim, Swift reversed course and opposed the amendment.

In the proposed amendment, Pigott and Bickham said Swift negligently hired, trained, and supervised Heath. They alleged no facts to support the application of Arizona law to any claim; yet they purported to allege an Arizona-law punitive damages claim:

> Due to the high likelihood that the conduct of Swift Transportation Co. of Arizona, L.L.C. would injure Plaintiffs and/or persons in Plaintiffs' position, Plaintiffs herein assert a claim for punitive damages under Arizona law.

The United States Magistrate Judge allowed the amendment over Swift's objection. Swift appeals that ruling and moves for partial summary judgment dismissing the Arizona-law punitive damages claim. Pigott and Bickham oppose. Because a ruling in favor of Swift on its motion for partial summary judgment would moot its appeal, the Court considers the motion first.

I.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit." Id. at 248.

If the non-movant will bear the burden of proof at trial, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." In re La. Crawfish Producers, 852 F.3d 456, 462 (5th Cir. 2017) (citation omitted).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248. Nor do "[u]nsubstantiated

assertions, improbable inferences, and unsupported speculation[.]" Brown v. City of Houston, Tex., 337 F.3d 539, 541 (5th Cir. 2003). Ultimately, to avoid summary judgment, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007).

In deciding whether a fact issue exists, the Court views the facts and draws all reasonable inferences in the light most favorable to the non-movant. See Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018). The Court "resolve[s] factual controversies in favor of the nonmoving party," but "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

Pigott and Bickham fail to submit "evidence of contradictory facts." Antoine, 713 F.3d at 830. In fact, they offer no summary-judgment evidence to controvert *any* of the properly-supported assertions of fact contained in Swift and Heath's Local Civil Rule 56.1 statement.[1] So, Swift and Heath's properly-supported

---

[1] Pigott and Bickham designate six material facts as "disputed" without citing any record evidence to support the designations. See Docket Entry 53-1, ¶¶ 5-10.

4

assertions of fact are deemed undisputed for purposes of the motion. See FED. R. CIV. P. 56(e)(2).

II.

Before moving to the merits, the Court considers an issue of summary judgment procedure. Pigott and Bickham invoke Federal Rule of Civil Procedure 56(d) and contend that summary judgment is premature because discovery is not complete. They ask the Court to deny or continue summary judgment.

A.

The Court may deny or continue summary judgment if the parties opposing summary judgment show "by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition." FED. R. CIV. P. 56(d). The parties opposing summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013). They must instead "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Id. at 894.

5

B.

Pigott and Bickham are not entitled to a Rule 56(d) continuance. They fail to present — as Rule 56(d) requires — a declaration or affidavit in support of their request. And they fail to identify "specified facts, susceptible of collection within a reasonable time frame," that would influence the Court's choice-of-law determination. Biles, 714 F.3d at 894. The Court therefore denies the Rule 56(d) continuance request. The procedural objection resolved, the Court turns to the merits.

III.

Swift contends that Pigott and Bickham cannot recover punitive damages under Civil Code choice-of-law principles.

A.

Jurisdiction is based on diversity, so the Court applies the substantive law of the forum — Louisiana. See Boyett v. Redland Ins. Co., 741 F.3d 604, 607 (5th Cir. 2014) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Because Louisiana choice-of-law rules are substantive, they apply here. See Weber v. PACT XPP Tech., AG, 811 F.3d 758, 770 (5th Cir. 2016) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)). The first step under those rules is determining whether the laws of two or more states conflict on the particular issue. Lonzo v. Lonzo, 17-

6

549, p. 12 (La. App. 4 Cir. 11/15/17); 231 So. 3d 957, 966. If the laws do not conflict, the Court applies forum law; if they do, further analysis is required. See Am. Elec. Power Co. v. Affiliated FM Ins. Co., 556 F.3d 282, 285 n.2 (5th Cir. 2009) (citing Mumblow v. Monroe Broadcasting, Inc., 401 F.3d 616, 620 (5th Cir. 2005)).

The "particular issue" is punitive damages. The states with allegedly conflicting (and potentially applicable) laws are Louisiana and Arizona. Louisiana law prohibits recovery of punitive damages "unless expressly authorized by statute." Int'l Harvester Credit Corp. v. Seale, 518 So. 2d 1039, 1042 (La. 1988). Arizona law, by contrast, allows recovery of punitive damages upon clear and convincing "evidence of an 'evil mind' and aggravated and outrageous conduct." Linthicum v. Nationwide Life Ins. Co., 723 P.2d 675, 680 (Ariz. 1986). Because the laws of Louisiana and Arizona conflict on the issue, the Court is informed by the choice-of-law rules for delictual and quasi-delictual obligations. See LA. CIV. CODE arts. 3542 — 3548.

B.

Civil Code choice-of-law rules prohibit an award of punitive damages unless authorized

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

7

> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

LA. CIV. CODE art. 3546. Pigott and Bickham cannot recover punitive damages under Civil Code Article 3546(2): their alleged injuries occurred in Washington Parish, Louisiana, and Louisiana law does not "authorize" an award of punitive damages here. So, the Court turns to Civil Code Article 3546(1).

Under Civil Code Article 3546(1), Pigott and Bickham can recover punitive damages if such damages are "authorized" by the "law of the state where the injurious conduct occurred" and either the "law of the state where the resulting injury occurred" or the "law of the place where the person whose conduct caused the injury was domiciled." LA. CIV. CODE art. 3546(1).

Here, it is undisputed that the "resulting injuries" allegedly occurred in Louisiana, which does not "authorize" punitive damages under the facts of this case. So, Pigott and Bickham may recover punitive damages only if such damages are "authorized" by the "law of the state where the injurious conduct occurred" and "the law of the place where the person whose conduct caused the injury was domiciled." LA. CIV. CODE art. 3546(1).

8

C.

Swift says punitive damages are unavailable under Civil Code Article 3546(1) because such damages are not "authorized" under the law of Louisiana, Swift's domicile for choice-of-law purposes. To determine Swift's domicile for choice-of-law purposes, the Court turns to Civil Code Article 3548, which provides:

> For the purposes of this Title, and provided it is appropriate under the principles of Article 3542, a juridical person that is domiciled outside this state, but which transacts business in this state and incurs a delictual or quasi-delictual obligation arising from activity within this state, shall be treated as a domiciliary of this state.

LA. CIV. CODE art. 3548. It is undisputed that Swift is a "juridical person" domiciled outside Louisiana, that Swift "transacts business" in Louisiana, and that Swift "incur[red] a delictual obligation arising from activity within" Louisiana. LA. CIV. CODE art. 3548. So, Swift is a Louisiana domiciliary for choice-of-law purposes, "provided it is appropriate under the principles of Article 3542." LA. CIV. CODE art. 3548. The Court turns now to Article 3542.

Article 3542 sets general rules for choice-of-law problems in tort cases. Marchesani v. Pellerin-Milnor Corp., 269 F.3d 481, 486 (5th Cir. 2001). It provides:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

9

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.

La. Civ. Code art. 3542. The first paragraph captures the aim of the Article: Apply the law of the state whose policies would be most seriously impaired if its law were not applied. Id.; see also Arabie v. CITGO Petroleum Corp., 2010-2605, p. 10 (La. 3/13/12); 89 So. 3d 307, 316. The second paragraph cites factors a court should consider in identifying that state. See La. Civ. Code art. 3542. Those factors are:

(1) the pertinent contacts of each state to the parties;

(2) their contacts to the events giving rise to the dispute, including the place of conduct and the injury;

(3) the domicile, habitual residence, or place of business of the parties;

(4) the state in which the relationship between the parties was centered;

(5) deterring wrongful conduct;

(6) repairing the consequences of injurious acts;

(7) the relationship of each state to the parties and the dispute; and

(8) the policies and needs of the interstate system, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a part to the law of more than one state.[2]

Arabie, 89 So. 3d at 316. The list is not exhaustive; it merely illustrates the "'most important'" contacts "'to discourage mechanistic counting of contacts.'" Id. (quoting LA. CIV. CODE art. 3542, Revision Comment (a)). Quality — not quantity — counts. See id. The Court considers each factor in turn.

1.

The first factor calls for consideration of the "pertinent contacts" of Louisiana and Arizona to the parties. Arabie, 89 So. 3d at 316-17. Louisiana has "pertinent contacts" to each: Pigott and Bickham are Louisiana citizens; the collision occurred in Louisiana; the alleged injuries occurred in Louisiana; and the alleged negligence occurred in Louisiana. By contrast, Arizona has "pertinent contact" to only one party — Swift — because it is the state where Swift has its principal place of business. The

---

[2] Factors seven and eight derive from Civil Code Article 3515. Arabie, 89 So. 3d at 316.

11

first factor therefore favors a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548.

2.

The second factor resembles the first; it calls for consideration of the contacts of each state to "the events giving rise to the dispute, including the place of conduct and the injury." Arabie, 89 So. 3d at 315. Again, Louisiana is the place of the collision and of Pigott's and Bickham's alleged injuries. Louisiana, too, is the place where Heath's alleged negligence (in operating the 18-wheeler) occurred. The place of Swift's alleged negligence (in training, hiring, and supervising Heath) is less certain. But it is not Arizona. To be sure, Swift offers summary-judgment evidence showing that it hired and trained Heath at its Memphis, Tennessee terminal and that it supervised Heath through a "driver manager" located in Minneapolis, Minnesota. Pigott and Bickham marshal no record evidence to rebut these properly-supported facts. Accordingly, the second factor favors a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548.

3.

The third factor is the "domicile, habitual residence, or place of business" of the parties. Arabie, 89 So. 3d at 315. Pigott and Bickham are Louisiana domiciliaries, and Heath is a Mississippi

12

domiciliary. Swift has its principal place of business in Arizona. Because Louisiana is the "domicile, habitual residence, or place of business" of two parties, and Arizona is the "domicile, habitual residence, or place of business" of only one, the third Arabie factor favors a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548.

4.

The fourth factor is the state where the parties' relationship was "centered." Arabie, 89 So. 3d at 315. That is Louisiana—the only state with a link to each party. Pigott and Bickham are Louisiana citizens. The collision occurred in Louisiana, where on this record Swift had "substantial business operation[s]." And at the time of the collision, Heath was driving for Swift on one of her "regular" delivery routes from the Wal-Mart distribution center in Robert, Louisiana. The fourth factor therefore favors a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548.

5.

The fifth factor, "deterring wrongful conduct," appears to favor the imposition of punitive damages. Arabie, 89 So. 3d at 318. After all, punitive damages are "designed to 'punish' the individual tortfeasor, to deter him and other potential tortfeasors in the future." LA. CIV. CODE art. 3546 Revision Comment

13

(b). But the strength of this factor is "diminished by Louisiana's policy disfavoring punitive damages in general." Arabie, at 89 So. 3d at 318. Accordingly, this factor is neutral. See id.

6.

The sixth factor, "repairing the consequences of injurious acts," is also neutral. Arabie, 89 So. 3d at 318. Punitive damages are not designed to compensate; "their objective is deterrence or punishment[.]" LA. CIV. CODE art. 3546 Revision Comment (b). So, the imposition of punitive damages has "no bearing" on this factor. Arabie, 89 So. 3d at 318.

7.

The seventh factor is the "relationship of each state to the parties and the dispute." Arabie, 89 So. 3d at 315. The Court explored those relationships in analyzing the six preceding factors. To sum them up: Arizona has no "relationship" to any party except Swift, which maintains its principal place of business there; Louisiana has a "relationship" to each party and to the dispute. Obviously, Louisiana is the place of the collision — the one event linking all parties. Pigott and Bickham are Louisiana citizens. Swift and Heath allegedly engaged in negligent conduct (in Louisiana and elsewhere) causing the Louisiana collision and injuring Louisiana citizens. The seventh factor therefore favors

a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548.

8.

The eighth factor requires the Court to consider the "policies and needs of the interstate system, including the policies of upholding the justified expectations of the parties." Arabie, 89 So. 3d at 315-16. Those "policies and needs" favor the application of Louisiana law. For Swift could not expect that training, hiring, or supervision decisions made in Minnesota and Tennessee could result in the imposition of Arizona law to a collision taking place in Louisiana, injuring Louisiana citizens, and occurring during Louisiana-focused business operations. See Arabie, 89 So. 3d at 319. The eighth factor therefore favors a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548.

Six of the eight Arabie factors favor a finding that Louisiana is Swift's domicile for choice-of-law purposes under Civil Code Article 3548. The Court therefore finds that "it is appropriate under the principles of Article 3542" to treat Swift as a Louisiana domiciliary for choice-of-law purposes. LA. CIV. CODE art. 3548.

IV.

Because (1) Swift is a Louisiana domiciliary for choice-of-law purposes under Civil Code Article 3548, (2) Pigott and Bickham's alleged injuries occurred in Louisiana, and (3) Louisiana law does not "authorize" an award of punitive damages in the circumstances, punitive damages are unavailable under Civil Code Article 3546.[3] Accordingly, IT IS ORDERED: that the motion for partial summary judgment dismissing Pigott and Bickham's punitive damages claims is GRANTED, and the punitive damages claims are DISMISSED with prejudice; the motion for review of the United States Magistrate Judge's ruling is DENIED as moot.

New Orleans, Louisiana, December 16, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] This analysis is familiar. See, e.g., Stacks v. Harco Servs., LLC, No. 17-1321, 2019 WL 1191059, at *5 (W.D. La. Mar. 13, 2019) (dismissing Georgia-law punitive damages claim under Article 3546); Taylor v. Clarke Power Servs., No. 16-15890, 2017 WL 4540758, at *7 (E.D. La. Oct. 11, 2017) (dismissing Ohio-law punitive damages claim under Civil Code Article 3546).