UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KENNETH PIGOTT, JR., ET AL.                CIVIL ACTION

v.                                          NO. 18-9438

KAYLA HEATH, ET AL.                         SECTION "F"


ORDER AND REASONS

Before the Court is defendant Swift Transportation Co. of Arizona, LLC's motion for partial summary judgment dismissing the plaintiffs' independent negligence claims asserted against it. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury case arises out of a sideswipe collision between an 18-wheeler and a Buick sedan.

The collision occurred in the evening on November 5, 2017. Kayla Heath was driving an 18-wheeler tractor-trailer in the left lane of Highway 21 in Bogalusa, Louisiana. She was working for Swift Transportation Company, hauling Wal-Mart grocery products on her regular route from Swift's Robert, Louisiana terminal. Kenneth Pigott was driving a 1997 Buick sedan in the right lane, and

Dehendric Bickham was riding along. When Heath changed lanes, she moved the 18-wheeler into the right lane and struck the Buick.[1]

Pigott and Bickham sued Heath and Swift in state court, alleging that Heath's negligence in failing to keep a proper lookout, improper lane change, and careless operation caused the collision and that Swift was vicariously liable under a theory of *respondeat superior*. Pigott and Bickam allege (and Swift has stipulated in its answer) that Heath was operating the tractor trailer in the course and scope of her employment with Swift at the time of the collision. Heath and Swift timely removed the case to this Court, invoking the Court's diversity jurisdiction.[2] Pigott and Bickham then amended their complaint to add claims of direct negligence against Swift (including claims for negligent hiring, training, supervision, and entrustment).[3]

---

[1] Liability is disputed. Swift and Heath say Pigott is at fault and, in any event, the defendants submit that there was only minor damage to each vehicle from the sideswipe and both Pigott and Bickham refused medical care at the scene because they said they were uninjured. Pigott and Bickham say that the tractor-trailer crossed the highway center lane, striking the Buick, forcing it off the road, and causing their car to spin out of control and then to strike a ditch and exposed metal poles.

[2] Pigott and Bickham are citizens of Louisiana. Heath is a citizen of Mississippi. Swift is a limited liability company with one member: a Delaware corporation with a principal place of business in Arizona.

[3] When they moved to amend their complaint, the plaintiffs also added a claim for punitive damages under Arizona law. Magistrate Judge North allowed the amendment, including the Arizona-law punitive damages claim, over Swift's objection. But Swift appealed

Swift now seeks partial summary judgment dismissing the plaintiffs' claims that Swift negligently hired, trained, supervised, and entrusted Heath.

I.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit." Id.

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Nor do "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation[.]" Brown v. City of Houston, Tex., 337 F.3d 539, 541 (5th Cir. 2003); Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)("[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.").

---

that ruling and moved for partial summary judgment on the Arizona-law punitive damages claim. The Court granted Swift's motion for partial summary judgment (dismissing the punitive damages claim), which mooted the appeal.

Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249-50 (citations omitted).

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also In re La. Crawfish Producers, 852 F.3d 456, 462 (5th Cir. 2017)(citation omitted)(If the non-movant will bear the burden of proof at trial, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); FED. R. CIV. P. 56(c)(2). Ultimately, to avoid summary judgment, the non-movant "must go beyond the pleadings and come forward with specific facts

4

indicating a genuine issue for trial." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007).

In deciding whether a fact issue exists, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

*A.*

Where, as here, jurisdiction is based on diversity, the Court applies the substantive law of the forum, Louisiana. See Boyett v. Redland Ins. Co., 741 F.3d 604, 607 (5th Cir. 2014) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

Civil Code Article 2315, Louisiana's source of negligence liability, instructs that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair

5

it." LA. CIV. CODE art. 2315.  Taking into account the conduct of each party and the circumstances of each case, courts employ a duty-risk analysis to determine whether to impose negligence liability.  Lemann v. Essen Lane Daiquiris, Inc., 2005-1095, p. 7 (La. 3/10/06); 923 So. 2d 627, 632.

To recover under the duty-risk approach, the plaintiffs must prove five elements: (1) the defendants had a duty to conform their conduct to a specific standard; (2) the defendants' conduct failed to conform to the appropriate standard; (3) the defendants' substandard conduct was cause in fact of the plaintiffs' injuries; (4) the defendants' substandard conduct was a legal cause of the plaintiffs' injuries; and (5) actual damages.  Audler v. CBC Innovis, Inc., 519 F.3d 239, 249 (5th Cir. 2008)(citation omitted). If the plaintiffs fail to prove one of these elements, then the defendants are not liable.

*B.*

Pigott and Bickham seek to recover damages for both driver Heath's and employer Swift's negligence.  They pursue two negligence theories against Swift: (1) vicarious liability for Heath's negligence because she was acting in the course and scope of her employment with Swift at the time of the collision; and (2)

direct liability insofar as Swift negligently hired, trained, supervised, and entrusted Heath with a dangerous vehicle. Swift submits that the plaintiffs' direct negligence claims against it should be dismissed because a plaintiff cannot simultaneously pursue negligence under a theory of *respondeat superior* and a direct negligence theory against an employer for the same incident where, as here, the employer stipulates that the employee acted in the course and scope of her employment. Joining a chorus of other federal district courts making an Erie guess and siding with employer-defendants on this issue, the Court agrees.[4]

It is undisputed that Louisiana offers no binding precedent concerning whether simultaneous causes of action can be pursued against an employer under the doctrine of *respondeat superior* as well as the direct negligence of the employer in hiring, training, or supervising, when the employer has stipulated that the employee acted in the course and scope of employment. Absent a final decision by the Louisiana Supreme Court, then, the Court is obliged to make an Erie guess and determine how the state high court would

---

[4] Second, and alternatively, Swift submits that the independent negligence claims must be dismissed because the plaintiffs have failed to establish a genuine issue of material fact for trial. The Court need not reach Swift's alternative ground for summary relief.

resolve the issue. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007).

Although there is no binding case literature resolving this issue, persuasive authorities have chartered this very territory. Other Sections of this Court and other federal district courts in Louisiana have uniformly held that, when an employer is indisputably vicariously liable for the negligent acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer. See Andry v. Werner Enterprises of Nebraska, No. 19-11340, 2020 WL 419296, at *1 (E.D. La. Jan. 27, 2020); Coffey v. Knight Refrigerated, LLC, No. 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019)(Morgan, J.); Giles v. Ace Am. Ins. Co., No. 18-6090, 2019 WL 2617170, at *2-3 (E.D. La. June 26, 2019)(Vance, J.); Thomas v. Chambers, No. 18-4373, 2019 WL 1670745, at *7 (E.D. La. Apr. 17, 2019)(Vance, J.); Vaughn v. Taylor, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); Franco v. Mabe Trucking Co., Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Wright v. Nat'l Interstate Ins. Co., No. 16-16214, 2017 WL 5157537, at *3 (E.D. La. Nov. 7, 2017)(Fallon, J.); Wilcox v. Harco Int'l Ins., No. 16-187, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017); Dennis v. Collins, No.

15-2410, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016).[5] These cases consulted <u>Libersat v. J & K Trucking, Inc.</u>, 772 So.2d 173, 179 (La.App. 3 Cir. 2000) to make an <u>Erie</u> guess as to how the Louisiana Supreme Court would decide the issue. <u>Libersat</u> upheld the trial court's decision to refrain from instructing the jury that the defendant had a duty to exercise care in hiring and training its employee, given that there was no dispute that the driver was operating the vehicle in the course and scope of employment. <u>Id.</u> If the employee is found negligent, the court reasoned, the employer is automatically liable; whereas, if the employee is not negligent, then no amount of negligence in the hiring or training of him would render the employer liable. <u>Id.</u> Embracing this reasoning, federal district courts in Louisiana have extrapolated that, if a jury charge on the employer's standard of care is unnecessary under the scenario at issue, then summary judgment on direct negligence claims is likewise appropriate. <u>See</u>, <u>e.g.</u>, <u>Thomas</u>, No. 18-4373, 2019 WL 1670745, at *7. Stated

---

[5] A state court of appeal was persuaded by <u>Dennis</u>. <u>See</u> <u>Wheeler v. U.S. Fire Ins. Co.</u>, 2019 WL 2612903 (La.App. 1 Cir. June 13, 2019)(unpublised)(reversing trial court judgment and granting defendant's motion for partial summary judgment, dismissing the direct negligence claims). The plaintiffs offer a Judgment and Reasons for Judgment by a state district court that was not so persuaded, <u>Smith v. Hudson Ins. Co.</u>, Docket Number C-20154906B, 15th JDC, Parish of Lafayette (11/4/19)(denying defendant's motion for partial summary judgment).

9

differently, and considered through the causation lens of the duty-risk analysis:

> If the trier of fact finds that [the employee] was negligent and that [her] negligence was a cause-in-fact and legal cause of [the plaintiffs'] injuries, then [the employer] is liable for the [employee's] actions. If [she] was not negligent, then no amount of negligence on the part of [the employer] in training or supervising h[er] could have been the cause-in-fact or legal cause of the collision and [plaintiffs'] injuries.

Dennis, 2016 WL 6637973, at *8.

Though not bound, this Court, too, is persuaded by the principles embraced by the case literature. Application of these same principles entitles Swift to partial summary judgment here. To be sure, Swift will be "answerable for the damage occasioned by" Heath. See LA. CIV. CODE art. 2320. Where, as here, vicarious liability based on *respondeat superior* is undisputed, Swift's responsibility is coextensive with the responsibility of Heath, the employee who allegedly committed the tort by driving carelessly, thus rendering academic any allocation of fault between employer and employee. The plaintiffs nevertheless urge the Court to disregard this analogous authority, insisting that the jury should determine whether Swift was comparatively at fault for the plaintiffs' damages. They invoke Louisiana Civil Code article 2323, which requires that a jury allocate fault between

the parties.[6] The plaintiffs also invoke public policy considerations in an attempt to defeat summary judgment. But these same arguments have been considered and uniformly rejected by the line of authority that persuades this Court. See, e.g., Giles, 2019 WL 2617170, at *3 (noting that "there is no need to allocate

---

[6] The plaintiffs also invoke Roberts v. Benoit, 605 So.2d 1032 (La. 1991), aff'd on rehearing, 605 So.2d 1050 (La. 1992) for the proposition that a cause of action for direct negligence against an employer for negligent failure to train may coexist with a cause of action for vicarious liability. But whether Louisiana recognizes direct negligence claims for negligent hiring is not in dispute here. In Roberts, a victim accidentally shot by a cook who had been commissioned as a deputy sheriff sued the cook, the parish criminal sheriff, and the sheriff's insurer. The state high court examined primary liability under article 2315 and vicarious liability under article 2320, and, although ultimately finding no liability on the part of the employer sheriff, indeed recognized that the tort of negligent hiring is a "separate an independent" direct negligence claim against an employer. The issue presented by Roberts concerned the liability of a municipal employer for the acts of an *off-duty* deputy; thus, whether the deputy was in the course and scope of employment was squarely at issue in Roberts. (Indeed, ultimately in Roberts -- unlike here – the theory of vicarious liability was not applicable because it was determined that the off-duty deputy sheriff was not in the scope of employment when he committed the negligent act; rather, he was off-duty, drunk, and horse-playing with his gun at the time of the accident. See id. at 1038.). This feature of Roberts -- that course and scope of employment was contested -- distinguishes it from the line of persuasive authority the Court embraces here. It is precisely because the employer concedes vicarious liability that precludes the plaintiffs from pursuing both a *respondeat superior* theory of liability and direct negligence claim for negligent hiring or training against an employer. Whether Heath was acting in the course of employment is not a triable fact issue here: Swift admits that Heath was acting in the course and scope of her employment when the collision occurred. If a jury finds Heath was negligent, then so is Swift; if a jury finds Heath was not negligent, then neither is Swift.

fault between the parties when plaintiff's vicarious liability claims make [the employer defendant] entirely responsible for [the employee driver's] negligence. An allocation of fault under the principles of comparative negligence is not necessary under the facts of this case."); Coffey, 2019 WL 5684258, at *3 (noting that the public policy considerations advanced by the plaintiff including deterrence of undesirable conduct, satisfaction of the community's sense of justice, and predictability "ignore[] the fact that [the defendant employer] will be made to pay for Plaintiff's damages regardless of whether it is found liable vicariously or directly" and other public policy considerations "such as streamlining the litigation process and avoiding unnecessary confusion for the jury weigh in favor of granting [partial] summary judgment[.]"). Dismissing direct negligence claims against an employer, which remains vicariously liable under a theory of *respondeat superior*, does not subvert the plaintiffs' right to be fully compensated for any injury they suffered that was caused by the defendants' negligence.

***

Accordingly, IT IS ORDERED: that Swift's motion for partial summary judgment on Pigott and Bickham's independent negligence claims is GRANTED. The plaintiffs' claims against Swift for

12

negligent hiring, training, supervision, and entrustment are hereby dismissed.

New Orleans, Louisiana, February 5, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE