UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


KENNETH PIGOTT, JR., ET AL.                    CIVIL ACTION

v.                                             NO. 18-9438

KAYLA HEATH, ET AL.                            SECTION "F"


ORDER AND REASONS

Before the Court is Dehendric Bickham's motion for partial summary judgment on causation.  For the reasons that follow, the motion is DENIED.


**Background**

This personal injury case arises out of a sideswipe collision between an 18-wheeler and a Buick sedan.  The Buick's driver and passenger both allege that they suffered injuries due to the collision.

The collision occurred in the evening on November 5, 2017. Kayla Heath was driving an 18-wheeler tractor-trailer in the left lane of Highway 21 in Bogalusa, Louisiana. She was working for Swift Transportation Company, hauling Wal-Mart grocery products on

1

her regular route from Swift's Robert, Louisiana terminal.  Kenneth Pigott was driving a 1997 Buick sedan in the right lane, and Dehendric Bickham was riding along.  When Heath changed lanes, she moved the 18-wheeler into the right lane and struck the Buick.[1] At the scene immediately following the accident, Pigott and Bickham apparently told the police and emergency responders that they were uninjured and did not need EMT services.  Later, however, both visited the emergency room claiming claim that they had neck and back pain.  This litigation followed.

Pigott and Bickham sued Heath and Swift in state court, alleging that Heath's negligence in failing to keep a proper lookout, improper lane change, and careless operation caused the collision and that Swift was vicariously liable under a theory of *respondeat superior*.  Pigott and Bickam allege (and Swift has stipulated in its answer) that Heath was operating the tractor trailer in the course and scope of her employment with Swift at the time of the collision.  Heath and Swift timely removed the case to this Court, invoking the Court's diversity jurisdiction.[2]

---

[1] Liability is no longer disputed.  The defendants continue to submit that there was only minor damage to each vehicle from the sideswipe and both Pigott and Bickham refused medical care at the scene because they said they were uninjured, whereas the plaintiffs submit that their car was forced from the roadway and they both sustained injuries valued at millions of dollars.

[2] Pigott and Bickham are citizens of Louisiana. Heath is a citizen of Mississippi.  Swift is a limited liability company with one

2

Pigott and Bickham later amended their complaint.[3]  The defendants have since stipulated to liability and motions *in limine* are pending for a jury trial recently continued due to the COVID-19 pandemic.  The passenger-plaintiff, Dehendric Bickham, claims that he injured his neck, back, and right rib as a result of the incident.  He now seeks partial summary judgment that his right rib fracture was caused by the vehicular accident that is the subject of this lawsuit.

---

member: a Delaware corporation with a principal place of business in Arizona.

[3] When they moved to amend their complaint, the plaintiffs also added a claim for punitive damages under Arizona law.  But when Swift appealed the magistrate judge's ruling permitting the amendment and moved for partial summary judgment on the punitive damages claim, the Court granted Swift's motion for partial summary judgment (dismissing the punitive damages claim with prejudice), which mooted the appeal of the magistrate judge's order allowing the amendment. See Order and Reasons dtd. 12/16/19. The plaintiffs also amended their complaint to add claims of direct negligence against Swift (including claims for negligent hiring, training, supervision, and entrustment).  The Court granted Swift's motion for partial summary judgment dismissing the plaintiffs' claims that Swift negligently hired, trained, supervised, and entrusted Heath.  See Order and Reasons dtd. 2/5/20 (joining other federal district courts making an Erie guess and siding with employer-defendants and granting the employer-defendant's motion for partial summary judgment dismissing the plaintiffs' direct negligence claims against because a plaintiff cannot simultaneously pursue negligence under a theory of *respondeat superior* and a direct negligence theory against an employer for the same incident where, as here, the employer stipulates that the employee acted in the course and scope of her employment).

I.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit." Id.

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Nor do "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation[.]" Brown v. City of Houston, Tex., 337 F.3d 539, 541 (5th Cir. 2003); Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)("[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."). Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249-50 (citations omitted).

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also In re La. Crawfish Producers, 852 F.3d 456, 462 (5th Cir.

4

2017)(citation omitted)(If the non-movant will bear the burden of proof at trial, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); FED. R. CIV. P. 56(c)(2). Ultimately, to avoid summary judgment, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007).

In deciding whether a fact issue exists, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018). Although the Court must "resolve factual

controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

## II.

### *A.*

Where, as here, jurisdiction is based on diversity, the Court applies the substantive law of the forum, Louisiana. See Boyett v. Redland Ins. Co., 741 F.3d 604, 607 (5th Cir. 2014) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

Civil Code Article 2315, Louisiana's source of negligence liability, instructs that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315.  Taking into account the conduct of each party and the circumstances of each case, courts employ a duty-risk analysis to determine whether to impose negligence liability.  Lemann v. Essen Lane Daiquiris, Inc., 2005-1095, p. 7 (La. 3/10/06); 923 So. 2d 627, 632.

To recover under the duty-risk approach, the plaintiffs must prove five elements: (1) the defendants had a duty to conform their conduct to a specific standard; (2) the defendants' conduct failed

6

to conform to the appropriate standard; (3) the defendants' substandard conduct was cause in fact of the plaintiffs' injuries; (4) the defendants' substandard conduct was a legal cause of the plaintiffs' injuries; and (5) actual damages. <u>Audler v. CBC Innovis, Inc.</u>, 519 F.3d 239, 249 (5th Cir. 2008)(citation omitted). If the plaintiffs fail to prove one of these elements, then the defendants are not liable.  Here, the defendants have admitted that they are 100% at fault for the sideswipe collision.  Thus, only causation and damages remain for trial.

Louisiana law places the burden on the plaintiff to prove medical causation by a preponderance of the evidence; the test is: "[w]hether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."  <u>See</u> <u>Maranto v. Goodyear Tire & Rubber Co.</u>, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759.  When the determination regarding medical causation is not within common knowledge, expert medical testimony is required.  <u>See</u> <u>Pfiffner v. Correa</u>, 94-0924 (La. 10/17/94), 643 So. 2d 1228, 1234-35.  A plaintiff who proves these three elements benefits from a presumption of medical causation: (1) he was in "good health" before the accident; (2) his symptoms manifested "continuously" after the accident; and (3) there is a "reasonable probability" of causation between the

accident and alleged injury.   See Housley v. Cerise, 579 So. 2d
973, 980 (La. 1991)(citation omitted).

*B.*

Dehendric Bickham seeks partial summary judgment that the
11/5/17 sideswipe collision caused his right rib fracture.   The
defendants counter that partial summary judgment should be denied
because (a) Bickham's reliance on the opinion testimony of a
chiropractor (not a physician) is insufficient to prove medical
causation; and (b) that Bickham had no complaints or symptoms of
a fractured rib at the time of the accident and thus he fails to
show that his rib fracture symptoms manifested continuously from
the time of the collision.   Although the Court is not persuaded by
the defendants' legal arguments, the defendants' evidentiary
submission creates a genuine dispute precluding summary judgment
on medical causation, specifically, whether Bickham's rib fracture
was caused by the 11/5/17 accident.

There is some support in the record for the passenger-
plaintiff's contention that he suffered a rib fracture caused by
the 11/5/17 collision.   First, Bickham submits that there is
nothing in his pre-accident medical records to indicate he had
suffered a right rib fracture.   And Bickham testified on May 22,
2019 that, since the accident, he has had "a lot of problems with

8

[his] right rib and [his] back[.] That's about it. My rib bothers me a lot. Like, a lot, lot[.]" Second, Bickham's treating chiropractor, Dr. Harvey Nicaud, D.O., whom had referred Bickham for the MRI, testified on July 25, 2019 that, in his opinion, the treatment he provided to both plaintiffs post-accident "was ... treatment causally related by the wreck that occurred in November of 2017[.]"[4] Third, when questioned by plaintiffs' counsel, Dr. Nejeeb Thomas, the defendants' independent medical examiner, offered this testimony respecting Bickham's MRI results:

> Q. If Mr. Bickham testified that the right-rib pain was a result of the wreck that occurred on November 5th, 2017, and given the ... objective information just provided, would you agree that his broken right rib was a result of the wreck that occurred on November 5th, 2017?

> A. Yes. To make sure I understand everything. He has an MRI which shows a subacute right-rib fracture. Mr. Bickham only complained of right-rib pain subsequent to the accident, and that was the only trauma that he had, and the pain began after the trauma, so with all three of those assumptions, which I think is what you are trying to get at, the answer is, yes.

---

[4] Ten days post-accident, Bickham was first examined by chiropractor, Dr. Nicaud. Later on January 26, 2018, Bickham underwent an MRI, which indicated "suspicious for a subacute, nondisplaced fracture of the lateral right 10th rib."

But the defendants submit evidence which creates a triable
issue concerning medical causation. Countering the plaintiff's
evidence, the defendants submit that disputed issues of material
fact preclude partial summary judgment on the issue of whether the
sideswipe collision caused Bickham's alleged rib fracture; the
defendants take issue with whether Bickham's symptoms of a rib
fracture manifest continuously from the November 5, 2017 accident
until he first reported them to a healthcare provider, his
chiropractor, Dr. Harvey Nicaud, considering that Bickham failed
to report rib-fracture symptoms to either emergency responders or
to medical professionals at the emergency room within hours of the
accident, when he first reported symptoms allegedly manifesting
from the sideswipe collision.

Most notably, when presented with the emergency room records
the day of the accident showing no complaints or symptoms of rib
fracture, Dr. Thomas opined that Bickham's rib fracture was not
caused by the sideswipe collision.  In an unsworn declaration, Dr.
Thomas states that he reviewed the emergency room records for
Bickham the day of the accident and notes that there is no
complaint or reported symptoms of a rib fracture, whereas "[a] rib
fracture, like Mr. Bickham has, is an injury for which an
individual has significant rib pain immediately upon the rib being

fractured and continuous pain and symptoms from the fractured rib, especially the day the fracture occurs." Given the absence of complaints or symptoms from the day of the accident, Dr. Thomas opines that "Mr. Bickham's rib fracture was not caused by or related to the motor vehicle accident he was involved in on November 5, 2017." Dr. Thomas further opines: "[i]f Mr. Bickham had sustained a rib fracture in that accident, he would have had immediate, continuous pain and symptoms from his rib fracture when the accident happened and in the ER that day of the accident."

The parties have presented evidence of contradictory facts. On the one hand, Bickham (albeit implicitly) attributes his rib pain to the accident at issue, there is a post-accident MRI indicating a rib fracture, and Bickham's chiropractor opines that the rib fracture likely resulted from the accident. On the other hand, it is undisputed that Bickham refused medical treatment at the scene, did not report rib pain to medical professionals at the emergency room later that day when reporting other symptoms had manifested, and the defendants' independent medical expert opines "to a reasonable degree of medical probability that Mr. Bickham's rib fracture was not caused in the accident of November 5, 2017." A patent factual controversy concerning medical causation precludes partial summary judgment.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, April 14, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE