**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENNETH PIGOTT, JR.** and **DEHENDRIC BICKAM**<br>　　　　Plaintiffs<br><br>**VERSUS**<br><br>**KAYLA HEATH** and **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**<br>　　　　Defendants | **CASE NO. 2:18-cv-09438**<br><br>**DIVISION: F**<br>**HON. MARTIN L.C. FELDMAN**<br><br>**SECTION: 5**<br>**MAG. MICHAEL B. NORTH** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LIMITED DISCOVERY ON EACH PLAINTIFF'S ALLEGED DAMAGES**

**MAY IT PLEASE THE COURT:**

This is a personal injury case that arises out of a motor vehicle accident on Highway 21 in Bogalusa, Louisiana that occurred on November 5, 2017 ("accident"). Each Plaintiff claims permanent, catastrophic injury to his neck and back from the accident and asserts injuries they value at millions of dollars, including extensive future medical care for each Plaintiff's alleged neck and back injuries sustained in the accident.

Defendants have obtained preliminary evidence through social media posts about Plaintiffs, and investigations of Plaintiffs for which they seek limited discovery to try to establish the true nature, relative severity, and extent of alleged injuries and disabilities, if any, each Plaintiff has as a result of the accident, along with the reasonable of value medical charges each Plaintiff claims he may recover at trial. Liability is no longer disputed and this discovery is limited to medical causation and damage evidence to be offered at a jury trial of this case on a date to be reset (after trial was recently continued due to COVID-19 restrictions).

## LIMITED FOLLOW-UP DISCOVERY BASED UPON SOCIAL MEDIA ABOUT PLAINTIFFS AND THE INVESTIGATION OF THEM

Through their counsel and lawyer-referred physicians, Plaintiffs have presented a narrative that they each sustained alleged life-altering injuries in the accident involving Defendants, and that it will take decades and millions of dollars in future medical treatment to treat their medical problems caused by the accident. Defendants submit that this is an inaccurate narrative belied by social media and Defendants' investigations of Plaintiffs[1] in 2019-2021 that shows:

1. Plaintiff Bickham on a "Radical Rides" wave runner on a beach vacation in Pensacola, Florida in March 2021.[2]

2. Records of both Plaintiffs at the "Altitude Trampoline Park" in Slidell, Louisiana in 2021 (and Plaintiff Bickham at the Trampoline Park in 2020).[3]

3. Plaintiff Bickham on a Caribbean cruise in October 2019, at an amusement park in Pensacola in September 2020 laying on his back on a "bed of nails" and hanging from a wall, bowling in June 2019 and September 2020, and Mr. Bickham "dangling" from playground equipment in October 2020.[4]

4. Surveillance of Plaintiffs carrying on normal life activities, and manual labor (without restrictions) and a social life as if they have no serious injury in 2018 – 2021.[5]

---

[1] Exhibit 1 (Facebook profile of Plaintiff Pigott).
Exhibit 1A (Facebook profile of Plaintiff Bickham).

[2] Exhibit 2 (Photo of Bickham on jet ski in March 2021).
Exhibit 2A (Exemplar release from "Radical Rides" for riding a "Radical Rides" jet ski).

[3] Exhibit 3 (Photo of Bickham at the Altitude Trampoline Park on February 21, 2021).
Exhibit 3A (Exemplar "Altitude Trampoline Park" waivers for people jumping on trampolines at the park).
**NOTE:** Defendants' investigators have confirmed that both Plaintiffs signed waivers to jump at this trampoline park.

[4] Exhibit 4 (Caribbean cruise photos of Bickham in October 2019).
Exhibit 4A (Amusement park photos of Bickham in September 2020).
Exhibit 4B (Bowling photos for Bickham in September 2020 and photo mentioning a June 2019 bowling get together that included Bickham).
Exhibit 4C (Photo of Bickham dangling from playground equipment in October 2020).

[5] Exhibit 5 (Still photos of Plaintiff Pigott at his job in 2018 until March 2020 when he was furloughed due to COVID 19 and then declined to return to his job in August 2020 after presumably receiving COVID-19 relief payments).
Exhibit 5A (Photos of Plaintiff Bickham at work and socializing in 2018-2020).

Defendants seek the following limited fact discovery on the 2019-2021 social media and investigation of Plaintiffs, all of which have been disclosed to their counsel:[6]

1. A *subpoena duces tecum* to each Plaintiff and Mrs. Bickham to produce their smartphones (and other devices) on which social media videos and photos of Plaintiffs were apparently taken.  These devices may also contain relevant videos and photos of Plaintiffs that have not been posted on social media and Defendants wish to have a forensic examination of each device by a forensic examiner pursuant to a protocol to identify and extract relevant videos, emails and photos;

2. A *subpoena duces tecum* to "Radical Rides" jet ski rental company in Pensacola, Florida for relevant documents, including photos and video of Plaintiff Bickham and releases he may have signed, and then a Zoom corporate deposition of "Radical Rides" with respect to relevant evidence;

3. A *subpoena duces tecum* to "Altitude Trampoline Park" in Slidell, Louisiana to provide relevant documents, including executed waivers by Plaintiffs for jumping on trampolines, videos, if any, of Plaintiffs jumping on trampolines and related documents, and then a Zoom corporate deposition of the trampoline park company;

4. A *subpoena duces tecum* for Carnival Cruise Lines to produce the cruise documents involving Plaintiff Bickham, including shore excursions that Plaintiff Bickham may have taken that involved strenuous, physical activity and then a Zoom corporate deposition of Carnival Cruise; and

5. The deposition of Mrs. Bickham who took the vast majority of the social media posts on her SMART phone, and supplemental depositions of each Plaintiff on the matters raised in this motion and any medical problems they still claim they have that are of a permanent nature.

In addition to this follow-up discovery on social media and the investigation of Plaintiffs, Defendants seek a discovery period of sixty (60) days for Plaintiffs to depose Dr. John Schneider, Ph.D., on the matters in his expert report of February 17, 2021 (and supplemental report of May 3, 2021)  to which Plaintiffs object as untimely.[7]  This request to open discovery to allow for

---

[6] All social media and surveillance photos except Exhibits 1, 1A, 2, 3, and 5 were disclosed to counsel for Plaintiffs in November 2020.

[7] Plaintiffs' filed a Motion in *Limine* [Rec. Doc. 229] to exclude Dr. Schneider's opinion testimony about the reasonable- as opposed to inflated billed charges- value of past and future medical charges of Plaintiffs.

Plaintiffs to take the discovery deposition of Defendants' new medical cost valuation expert, Dr. John E. Schneider, Ph.D., is likely governed by the criteria in *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Defendants respond to this "good cause" criteria, as follows:

1. **Explanation for Failure to Timely Provide Dr. Schneider's Report Before the Original Deadline For Expert Reports In January 2020** - Counsel for Defendants was unaware of Dr. Schneider and his ability to analyze the reasonable value of medical costs until February 11, 2020 in an email exchange with a friend, Bruce Parkerson. By that time, it was too late to engage Dr. Schneider as an expert witness in this case. However, Dr. Schneider was hired by Defendants and provided an expert report in this case to Plaintiffs in February 2021, 90 days before the then – May 2021 trial date of this case.

2. **The Importance of Dr. Schneider's Opinion** - Plaintiffs have presented incurred and future billed medical charges for Plaintiffs based on essentially the maximum, highest "billed" charges by each of Plaintiff's health care providers - - not the reasonable value of those charges accepted by similarly-situated health care providers. There is a difference of $513,000 for Plaintiff Pigott and $1,464,300 for Plaintiff Bickham in the "billed charges" Plaintiffs assert they should recover as damages and the reasonable value of those charges based on the analysis of Dr. Schneider.[8] This opinion is presumably important to the jury in assessing damages.

3. **No Prejudice To Plaintiffs** - A 60-day time period for Plaintiffs to depose Dr. Schneider cures any prejudice to Plaintiffs by Dr. Schneider testifying as an expert witness at trial.

As there is no pending trial date in this case, Defendants submit there is "good cause" to open discovery to allow Dr. Schneider to testify and Plaintiffs to depose him in a discovery deposition. Allowing Plaintiffs sixty (60) days to depose Dr. Schneider on his opinions on the reasonable value of Plaintiff's past and future medicals should negate any potential prejudice to Plaintiffs, and allow the jury to consider the reasonable value of Plaintiffs' past and future medical charges beyond the

---

[8] *See* Exhibits 6 and 6A (Dr. Schneider's expert reports).

- 4 -

"billed charges" the healthcare providers provided Plaintiffs' expert life care planner, as the basis for the past and future medical specials at issue in this case.

## LAW AND ARGUMENT

Discovery is a search for the truth. It is not a "shield" to protect discovery of the facts. Plaintiffs' approach to discovery in this case was expressed in their response to Defendants' requests several months ago to simply **discuss** supplementing Plaintiffs' discovery responses, taking updated depositions of Plaintiffs and supplemental IMEs of Plaintiffs:

> "We are not possibly engaging in this discovery. No deadlines were pushed. There will be no more depositions and no more IMEs. That part of the case is done. We have already engaged in 24 or so depositions. We are done with discovery. . . ."[9]

Each Plaintiff's actual damage is a "non-privileged matter relevant to any party's claim or defense" and the limited discovery sought in this motion is proportional to needs of the case, considering the importance of the issues at stake in the action, the amount in controversy and the importance of the discovery in resolving the issue of damage in the case. *See* FRCP Rule 26(b)(1).

## CONCLUSION

Defendants have demonstrated good cause for amending the Scheduling Order in this case to allow the limited discovery sought in this motion, and they submit their motion should be granted.

---

[9] *See* Exhibit 7 (Email from Plaintiffs' counsel dated October 12, 2020 and related email string).

Respectfully submitted,

**FRILOT, LLC**

　　*/s/ Campbell E. Wallace*
Campbell E. Wallace (LSBA No. 13195)
Allen J. Krouse, III (LSBA No. 14426)
Everett R. Fineran (LSBA No. 31153)
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Phone: 504-599-8000 | Fax: 504-599-8114
Email: cwallace@frilot.com
　　　　akrouse@frilot.com
　　　　efineran@frilot.com

**COUNSEL FOR DEFENDANTS KAYLA HEATH AND SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  4th  day of May, 2021, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

　　　　　　　　　　　　　　　　　*/s/ Campbell E. Wallace*
　　　　　　　　　　　　　　　　　Campbell E. Wallace