UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH PIGOTT, JR., ET AL.                    CIVIL ACTION

VERSUS                                          NUMBER: 18-9438

KAYLA HEATH, ET AL.                             SECTION: "F"(5)

**ORDER AND REASONS**

I.  INTRODUCTION

Before the Court is Plaintiffs' Motion to Strike/Exclude Defendants Witness for Failure to Comply with the Court's Scheduling Order and the Rules of Federal Procedure. (Rec. doc. 229). The witness subject of the motion is John Schneider, Ph.D. ("Schneider"). Defendants filed an opposition memorandum (rec. doc. 264) and Plaintiffs filed a reply. (Rec. doc. 286).

Before even filing an opposition to Plaintiffs' motion, Defendants filed their own "Motion for Limited Discovery on Each Plaintiff's Alleged Damages" in which, among other things, Defendants asked the Court to establish "a discovery period of sixty (60) days for Plaintiffs to depose Dr. John Schneider, Ph.D., on the matters in his expert report of February 17, 2021 (and supplemental report of May 3, 2021) to which Plaintiffs object as untimely." (Rec. doc. 254). Defendants followed that motion with their aforementioned opposition to Plaintiffs' motion to exclude.

At the time the motion for limited discovery was set for submission, the undersigned was still acting only as the assigned Magistrate Judge on the case and the presiding District Judge, the Honorable Martin L.C. Feldman, had only referred to me for resolution the discovery motion, reserving to himself the decision on the motion to exclude. I held a hearing on the discovery motion, during which I explored in detail with Defense counsel why they

had waited so long to disclose Schneider as an expert. (Rec. doc. 303). Ultimately, I issued a ruling denying the request to reopen discovery to allow for the deposition of Schneider as premature, given that Judge Feldman had yet to rule on the pending motion to strike that witness. (Rec. doc. 291).

Just a few weeks later, the parties filed their Consent to Proceed before the Magistrate Judge pursuant to 28 U.S.C. §636(c). (Rec. doc. 293). Because the motion to exclude had not been decided as of the reassignment of the case to me, it now falls to me to decide it. Accordingly, I held another hearing on that motion, along with other pending motions. (Rec. doc. 302). Wanting to review the transcript of the earlier hearing on Defendants' motion to reopen discovery, I withheld a ruling on the motion to exclude. (*Id.*).

Having now thoroughly considered all the pleadings and exhibits, along with counsel's arguments at both hearings, I find for the following reasons that the motion to strike should be and is hereby granted.

II. ANALYSIS

On July 16, 2019, Judge Feldman issued the Scheduling Order in this matter. According to that Order, written reports of Defendants' experts were to be provided to Plaintiffs' counsel no later than December 20, 2019. (Rec. doc. 33). Defendants' Witness list was due the same day and the discovery deadline was one month later, on January 20, 2020. (*Id.*).

While Defendants identified numerous witnesses, including experts, they failed to identify Schneider (or even any generic medical billing expert) in their witness list. (Rec. doc. 82). Furthermore, it is undisputed that Defendants failed to produce Dr. Schneider's

report until February 17, 2021, some 14 months after it was due to be disclosed pursuant to the Scheduling Order.

The trial of this matter was originally set for March 9, 2020 but was continued and reset for May 2021. (Rec. doc. 193). Not only did Judge Feldman's Order resetting the trial date <u>not</u> include a new scheduling order or new deadlines, it affirmatively cited Rule 16 and admonished the parties and counsel:

> All counsel shall be mindful of Rule 16 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. The Court has admonished counsel for their patently mean-spirited unprofessional conduct and if such conduct is in any way repeated the Court will impose harsh sanctions.
>
> (*Id.*).

This order was issued on February 27, 2020.[1]

After Plaintiffs filed their motion to strike Schneider as a witness, Defendants, in their own motion to allow for additional time for Plaintiffs' counsel to depose Schneider, explained why they had waited so long to produce his expert report:

> Counsel for Defendants was unaware of Dr. Schneider and his ability to analyze the reasonable value of medical costs until February 11, 2020 in an email exchange with a friend, Bruce Parkerson. By that time, it was too late to engage Dr. Schneider as an expert witness in this case. However, Dr. Schneider was hired by Defendants and provided an expert report in this case to Plaintiffs in February 2021, 90 days before the then – May 2021 trial date of this case.
>
> (Rec. doc. 254-1 at 4).

---

[1] Judge Feldman continued the trial date again on April 7, 2021. (Rec. doc. 249). In that order, he specifically stated: "Discovery and other deadlines shall not be disturbed absent a motion filed by the parties demonstrating good cause." (*Id.*).

3

This explanation – which rings hollow for the reasons set forth below – failed to account for the fact that Defense counsel clearly knew about Schneider at the time that Judge Feldman issued his continuance order on February 27, 2020, which order included language specifically directing the parties' attention to Rule 16 and declining to extend any deadlines. Indeed, until Defendants filed their motion for limited discovery in May of 2021, they had never lifted a finger to address with the Court their submission of an untimely expert report, nor had they sought to extend any deadlines. Rather, they simply emailed the report to Plaintiffs' counsel <u>exactly</u> 90 days prior to trial, citing Federal Rule of Civil Procedure 26(a)(2)(D) and (E): "In accordance with FRCP 26[[a][2][D] and [E], we attach the expert report of Dr. Schneider and supplemental rep[orts of Dr. Thomas." (Rec. doc. 229-2).

Predictably, Plaintiffs' motion to strike followed. In that motion, Plaintiffs correctly point out a fact that I presumed all federal practitioners already know –Rule 26 of the Federal Rules of Civil Procedure (the rule cited by Defendants as the basis for their late production of the Schneider report) actually requires that parties make their expert disclosures "at the times and in the sequence that the court orders." (Rec. doc. 229-1). Because the Court had previously issued a Rule 16 Scheduling Order with a specific deadline for the issuance of Defendants' expert reports, the Schneider report (having been issued more than a year later) was untimely, according to Plaintiffs.

Of course, they are right.

The parties seem to agree that when faced with the issuance of an untimely expert report, the Court should analyze whether to allow the use of such report and its author under the "good cause" standard described in *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990). That Court stated:

4

> We review the court's exercise of discretion to exclude evidence that was not properly designated by considering the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.
>
> (*Id.* at 791)(citing *Murphy v. Magnolia Electric Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981)).

Application of these factors to the facts before the Court makes it clear that good cause cannot be shown for the extremely delinquent production of the Schneider report.

A. *The Explanation for the Failure to Timely Identify the Witness*

As for this first factor in the analysis, Defendants' explanation is not in the least bit credible. Claiming that he did not "learn" of Schneider's identity and expertise until February 2020, some two months after his expert disclosure deadline, Defense Counsel nonetheless waited another full year to finally foist Schneider's report on his opponents. The given explanation?

> THE COURT: So my question is, Mr. Wallace, why did you wait almost year to do it?
>
> MR. WALLACE: I waited until 90 days before the current -- the then current scheduled trial date.
>
> So under the federal rules, there's a rule. I think it's Rule 26. A default date if there's no express statement of a deadline set by the court.
>
> So 90 days before the last set trial date, I submitted the expert report of Avalon. The reason I – I wasn't waiting a year. I was waiting until what I perceived to be a default deadline of 90 days before the trial date which was then set.
>
> (Rec. doc. 303 at 3).

5

To review, the specific provision of Rule 26 cited by counsel to justify withholding his expert's identity and report for over a year reads as follows:

> *(D) Time to Disclose Expert Testimony*.  A party <u>must</u> make these disclosures <u>at the times and in the sequence that the court orders</u>.  <u>Absent a stipulation or a court order</u>, the disclosures must be made:
> > (i) at least 90 days before the date set for trial or for the case to be ready for trial. . . .
>
> F.R.C.P. 26(a)(2)(D)(i)<br>(emphasis added).

Counsel's bizarre explanation for his dilatory production of Schneider's report <u>entirely</u> reads out the fundamental requirement that parties <u>must</u> make expert disclosures at the times ordered by the Court.  Only in cases of a stipulation between the parties or an intervening order altering the schedule does the 90-day-before-trial provision kick in.  Indeed, in this case, despite knowing (1) that the expert disclosure deadline had passed and (2) that the trial judge had twice continued the trial without extending any already-passed deadlines, counsel did nothing.

Counsel described these efforts as "diligence on my part."  (Rec. doc. 303 at 4).  Well, not exactly.  I don't think any reasonable attorney would agree that this head-in-the-sand sort of approach could be described as "diligent."  I certainly can't describe it that way.

The first *Geiserman* factor weighs (entirely) against the Defendants.

B.  <u>The Importance of the Testimony</u>

As I pointed out to Defense counsel during both hearings, the idea that this expert's testimony is important enough to tip the scales in their clients' favor in this analysis is seriously undermined by the simple fact that they sat on the expert's opinions for months

and months before finally dropping it on their opponents at the last possible moment.[2] Obviously ( at least to me), one would not withhold such information in a case such as this if it was as important as Defense counsel claims it to be.

Counsel has made the argument that they didn't have cause to reveal their expert or his opinions because the question of the value of future medical costs was still the subject of motion practice. That is a deflection from the real issue here. Defendants knew for months that the value of those future costs was an unresolved issue – which is exactly why they should have revealed Schneider's identity and opinions. I am mystified why that didn't happen.

Having said that, I can certainly credit the argument that Defendants' case might well be improved with the participation of this expert. At best, then, I might find this factor to be neutral, but that wouldn't matter in the final analysis because the third factor – prejudice to the Plaintiffs – weighs against the Defendants.

C. *The Prejudice to the Non-Moving Party*

Plaintiffs' brief makes the point here rather cogently, citing Judge Vance's well-reasoned opinion based upon strikingly similar facts:

> The third factor requires the Court to determine whether the proposed modification would prejudice any party. As with his motion to extend deadlines, plaintiff again repeatedly asserts that his request will not prejudice defendant. And again, as the Court explained in its order denying plaintiff's earlier request, the defendant certainly will be prejudiced by granting plaintiff's request. Defendant and its counsel would incur significant costs, in terms of both time and expense, if they must depose [the proposed expert] and evaluate his potential trial testimony. Plaintiff asserts defendant will not be prejudiced because it has time to depose [the expert] before trial. The fact that defendant

---

[2] Notwithstanding counsel's ill-informed view regarding the existence of some sort of "default" 90-day deadline for doing such things.

7

> has time before trial to depose [the expert] (which defendant does not concede and is questionable) has no bearing on the costs and prejudice associated with granting plaintiff's requests. Additionally, plaintiff's request would further increase costs by potentially requiring defendant (as it asserts in its opposition) to conduct an independent medical examination to evaluate [the proposed expert's] opinions. Therefore, the third factor weighs against modifying the scheduling order.
>
> > *Simmons v. Galliano Marine Service, LLC*, No. 15-CV-1124, 2016 WL 7450470 at *3 (E.D. La. Dec. 28, 2016) (emphasis added) (citing *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 494-96 (S.D. Tex. 2009) ("Whenever additional depositions are conducted, both parties must expend additional resources and invest time in conducting them. Thus prejudice generally results to the party opposing additional depositions.").

Judge Vance easily could have been describing the situation now facing this Court. I would add that, based on the smothering number of evidentiary motions that have been filed by the parties and remain pending, there is little doubt that the entry of Schneider into the case, along with any competing expert retained by Plaintiffs to answer his testimony, will result in further motion practice aimed at excluding or limiting that testimony. This prospect only adds to the prejudice to the Plaintiffs (and, incidentally, to the Court in terms of its schedule and preparation of the case for trial).

This factor clearly weighs against the Defendants.

D. *The Availability of a Continuance to Cure Prejudice*

This case is almost three years old. Absent extraordinary (and as-yet unforeseen) circumstances, there will be no more continuances.

8

III.     CONCLUSION

Three of the four *Geiserman* factors weigh against Defendants in their attempt to designate a new expert a year after the deadline for doing so.  It's not even a close call, in fact.  It is worth pointing out, as the Court did in *Geiserman*, that in excluding this evidence, this Court is "merely enforcing the deadlines plainly set out in the court order and local rule for designating witnesses."  *Geiserman*, 893 F.2d at 791.

For the reasons set forth above, the motion to strike is GRANTED.  The request for additional time to depose Dr. Schneider is DENIED AS MOOT.

New Orleans, Louisiana, this 18th day of August, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE