UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH PIGOTT, JR., ET AL.                CIVIL ACTION

VERSUS                                     NUMBER: 18-9438

KAYLA HEATH, ET AL.                        SECTION: "F"(5)

ORDER AND REASONS

Before the Court are the following motions in limine filed by the parties:

- Plaintiffs' Motion in Limine to Permit Introduction of Argument or Testimony Regarding the Deterrent Effect of a Compensatory Damage Award. (Rec. doc. 231).

- Plaintiffs' omnibus Motion in Limine. (Rec. doc. 232).

- Plaintiffs' Motion in Limine to Exclude All Surveillance Footage Obtained by Marshall Investigative Group and any Mention of the Existence of Surveillance Footage. (Rec. doc. 233).

- Plaintiffs' Motion to Exclude and/or Limit the Testimony of Nancy T. Favolaro. (Rec. doc. 235).

- Plaintiffs' Motion in Limine to Exclude Dr. Najeeb Thomas' Opinion Regarding Surveillance Footage and Additional Records Received and Reviewed Following the Discovery Deadline. (Rec. doc. 238).

- Defendants' Motion in Limine to Exclude "David vs. Goliath" Arguments and Evidence of the Size, Financial and Corporate Strength, and Area of Operations of Swift Transportation Co. of Arizona, L.L.C. (Rec. doc. 241).

- Defendants' Motion in Limine to Exclude Evidence of Racial Prejudice of Defendant Kayla Heath. (Rec. doc. 242).

The Court has thoroughly reviewed and considered the motions, oppositions thereto and, where applicable, the reply memoranda and rules as follows.

1. <u>Plaintiffs' Motion in Limine to Permit Introduction of Argument or Testimony Regarding the Deterrent Effect of a Compensatory Damage Award.  (Rec. doc. 231).</u>

This motion is denied.  As should be clear to the parties by now, the stipulation between them as to Defendants' liability in this case renders argument and/or evidence such as this wholly unnecessary and irrelevant.  This is a simple automobile accident case and the trial will concern <u>only</u> the mechanics of the accident, medical causation of Plaintiffs' alleged injuries, and the extent of damages to be awarded for those injuries.  The Court will not allow policy arguments about deterrence or any evidence regarding negligent hiring or entrustment to be bootstrapped into the trial of this straightforward case.

2. <u>Plaintiffs' omnibus Motion in Limine.  (Rec. doc. 232)</u>.

This motion involves several different requests, each of which is discussed in turn below.

    a.  Collateral Source Evidence

Plaintiffs' unopposed request to exclude evidence that violates the Collateral Source Rule is granted.

    b.  References to Hiring an Attorney

This request is denied.  Plaintiffs have not demonstrated how they would be at all prejudiced by the evidence that they seek to exclude here.

    c.  Reference to Attorney(s) Referring Plaintiffs to Treating Physicians

There is no basis to grant this request. The fact that a plaintiff has been referred to a testifying treating physician by counsel may be relevant in any number of ways, such as to demonstrate bias or to attack the witness's credibility. This information is routinely allowed at trial, and Plaintiffs have cited no authority for its exclusion in this case.

    d. Reference to Plaintiffs' Unrelated Injuries

Evidence and/or testimony about injuries suffered by Plaintiffs either before or after the subject accident is clearly relevant to the defenses in this case. This request is denied.

    e. Reference to Settlement Offers

This unopposed request is granted.

    f. "Character Evidence"

Plaintiffs' counsel seeks the exclusion of so-called "character evidence" without describing any such evidence specifically. Defendants, on the other hand, describe specific evidence that involves Kenneth Pigott's allegedly false statements made in a prior judicial proceeding, namely *State v. Toliver*, 205 So. 2d 948 (La. App. 1 Cir. Sept. 19, 2016). While extrinsic evidence of such false statements is likely not admissible to attack the witness's credibility, F.R.E. 608(b), the matter may be inquired into on cross examination of Mr. Pigott, as it potentially bears on his credibility. It is not altogether clear whether any other "character" evidence is at issue, so this ruling is limited to questioning on the *Toliver* matter.

    g. Plaintiff Bickham's Marijuana Use

Given his treating physician's expected testimony that Bickham will need hundreds of thousands of dollars worth of medical marijuana treatment over the coming years, his past use of the substance is relevant. This request is denied.

    h. Plaintiff Piggott's Previous Claims

Similar to the issue of prior or subsequent injuries, questioning of Pigott about prior or subsequent claims is pertinent and will be allowed.

    i. Testimony, Documents, and Witnesses Not Timely Disclosed and to Plaintiffs' Motion in Limine

These unopposed requests are granted.

3. <u>Plaintiffs' Motion in Limine to Exclude All Surveillance Footage Obtained by Marshall Investigative Group and any Mention of the Existence of Surveillance Footage.  (Rec. doc. 233).</u>

This motion is denied.  Whether the evidence contradicts Plaintiffs' claims, as counsel suggest, will be for the jury to decide.  The surveillance material, which has both substantive and potential impeachment value, is neither confusing nor unduly prejudicial.  Plaintiffs will have every opportunity to explain what is seen in the surveillance video during their testimony.

4. <u>Plaintiffs' Motion to Exclude and/or Limit the Testimony of Nancy T. Favalaro.  (Rec. doc. 235).</u>

While the Court would normally allow this witness to testify at trial about matters that arose and about which she testified during her deposition, the specific testimony targeted in Plaintiffs' motion is inadmissible here.  As a designated expert, Favalaro must do more than speculate "off the top of [her] head" or give meandering, non-specific observations about what medical charges may or may not be "on the high

side." The Court will not allow this witness to testify to the "opinions" specifically identified by Plaintiffs in their motion.

5. <u>Plaintiffs' Motion in Limine to Exclude Dr. Najeeb Thomas' Opinion Regarding Surveillance Footage and Additional Records Received and Reviewed Following the Discovery Deadline. (Rec. doc. 238).</u>

The Court is loathe to prohibit Dr. Thomas from offering opinions on the materials that he received after the discovery deadline for the simple reason that those materials were not obtained by Defense counsel prior to that deadline. However, the Court also notes that Plaintiffs' counsel has spent a substantial sum thus far deposing Dr. Thomas twice already. Accordingly, the Court will deny the motion and allow Dr. Thomas to testify consistent with the Second Addendum to his report, but to the extent Plaintiffs desire to depose him a third time, the costs of that deposition (regarding Dr. Thomas's charges only) will be borne by Defendants. Any such deposition shall be limited to no more than two hours on the record.

6. <u>Defendants' Motion in Limine to Exclude "David vs. Goliath" Arguments and Evidence of the Size, Financial and Corporate Strength, and Area of Operations of Swift Transportation Co. of Arizona, LLC. (Rec. doc. 241).</u>

For reasons similar to the ruling on tort deterrence evidence, this motion is granted. Nothing in the nature of what is described in this motion would be relevant at the trial of this automobile accident case in which the parties have stipulated to Defendants' fault.

7. <u>Defendants' Motion in Limine to Exclude Evidence of Racial Prejudice of Defendant Kayla Heath. (Rec. doc. 242).</u>

The evidence sought to be excluded here is of highly questionable relevance in this stipulated-liability case, while simultaneously capable of exposing Defendants to extreme undue prejudice. It is excludable under Rule 403 of the Rules of Evidence. Not only does the Court exclude that evidence here, it takes pains to note that any mention or suggestion of this evidence will be met with extreme consequences.

**No later than December 17, 2021, the Parties are to submit a revised joint pretrial order reflecting these rulings.**

New Orleans, Louisiana, this 24th day of October, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE